# COUNTY OF CALEDONIA,

##### AT THE

## AUGUST TERM, 1869.

##### PRESENT :

Hon. JAMES BARRETT,
Hon. ASAHEL PECK,
Hon. WILLIAM C. WILSON, } ASSISTANT JUDGES.
Hon. JOHN PROUT,

---

### S. K. REMICK *v.* E. G. SANBORN.

#### *Discontinuance.    Tender.*

Where in a justice suit the defendant made a tender which the plaintiff took before the day of trial, and the plaintiff the next day hearing that the defendant was summoning witnesses in the case, notified him that the suit was discontinued, but refused to pay to the defendant his cost incurred subsequent to the tender, claiming that the suit was settled by the acceptance of the tender; *held,* it was the right of the defendant to have the suit go on, and the duty of the justice to hear and determine the question as to the defendant's right to costs.

The writ was returnable at the plaintiff's hotel and the justice appeared and notified the plaintiff of the defendant's claim of costs. The plaintiff in reply told the justice the case was settled, and he would have no court at his house that day. The justice then adjourned the court publicly, so that the plaintiff could have heard if he had been giving attention, to another place, and went there with the defendant and witnesses, but the plaintiff did not attend, and the court there entered judgment for the defendant to recover his costs. *Held,* that the proceedings were legal and proper.

AUDITA QUERELA.    Plea, the general issue.    Trial by jury, December term, 1867, STEELE, J., presiding.

It appeared that on the 5th day of January, 1860, this plaintiff brought a suit against this defendant, returnable before a justice of the peace at the plaintiff's hotel on the 18th day of January, 1860. After the writ was served, the defendant tendered the plaintiff $10.50. The plaintiff took it. The plaintiff's evidence tended to show that this money *was offered and received in full settlement* of the suit. The defendant's evidence tended to show that it was offered and received as a technical tender. The next day after the tender, the plaintiff learned that the defendant was summoning witnesses in the case, and notified him in writing that the suit was discontinued. On receiving this notice, the defendant called on the plaintiff for the costs he had made since the tender, and the plaintiff's evidence tended to show that the defendant demanded a *bonus* above costs. The plaintiff refused to pay, *and insisted that the suit was settled by the acceptance of the tender*. The plaintiff notified the justice not to be present on the court day. The defendant notified the justice to be present. The justice was present at the hour and place on which the writ was returnable, with the original writ, and called the case, and told the plaintiff he came at the defendant's request, and that the defendant claimed costs. The justice had been paid his fees for signing the writ. The plaintiff told the justice the case was settled, and that he would have no court in his bar-room that day. The justice then went with others to the office of Mr. Judevine, who represented the defendant, and there entered up judgment on the original writ for the defendant to recover his costs, taxed at $25.12. The plaintiff testified that he saw the justice, Judevine, and some of the defendant's witnesses, leave the hotel and go into Judevine's office, but supposed they went there to disperse, and knew nothing of any judgment being rendered against him for more than six years. The defendent's evidence tended to show that on the plaintiff's refusing to have a court at his hotel, the court openly and publicly, on the suggestion of the defendant, adjourned to Mr. Judevine's office. The plaintiff claimed that he was entitled to prevail in this action, because the judgment was entered up on the original writ; because the record of it did not mention the adjournment; because the suit had been discontinued. The court

ruled all these points against the plaintiff. The plaintiff claimed that he should prevail if the jury should find that the case was in fact settled, but the court ruled this point also against the plaintiff. The plaintiff also claimed that if the plaintiff was not, in the opinion of the jury, in fact aware of the adjournment to Judevine's office, he should prevail, even though the justice publicly and openly adjourned to that place. The court also ruled this point against the plaintiff, and among other things, told the jury that the only question in the case was whether the justice openly adjourned his court to Judevine's office, and announced it so that the plaintiff, if he had been giving attention, could have known it, and that if such was the case, the defendant would be entitled to recover, even though the plaintiff did not in fact know of the adjournment. To all which rulings and instructions the plaintiff excepted. Verdict and judgment for the defendant.

*O. S. Burke*, for the plaintiff, maintained that the suit was discontinued, and the justice had no right to proceed further, and having rendered judgment after the discontinuance it will be set aside by *audita querela*. *Paddleford* v. *Bancroft*, 22 Vt., 529 ; *Phelps* v. *Birge*, 11 Vt., 161 ; *Brown* v. *Stacy*, 9 Vt., 118 ; *Pike* v. *Hill*, 15 Vt., 183 ; *Crawford* v. *Cheney*, 12 Vt., 567.

*J. P. Lamson*, for the defendant.

The opinion of the court was delivered by

BARRETT, J. This is *audita querela* to set aside a judgment of a justice in a suit between the same parties, in favor of the defendant for costs.

Upon the facts stated in the exceptions, it was the province and the duty of the justice in the original suit to hear and determine the question as to the defendant's right to costs in that suit. The plaintiff had an opportunity to participate in the trial of that question, which trial would have proceeded at his own house—the place set in the writ—but for his own conduct, forbidding the justice to have a court there that day. The matter being pending when the justice was thus compelled to refrain from exercising his offi-

cial function and discharging his official duty at the place appointed, it was his right to adjourn to some other proper place. It was proved and found by the jury that he did " openly adjourn, and announced it, so that the plaintiff, if he had been giving attention, could have known it." This was all the justice was bound to do, in order to entitle him to proceed to the definitive adjudication of the matter pending before him ; and the finding of the jury excludes all idea of any fraud or wrong towards the plaintiff.

It is proper to remark, in view of the urgency with which the plaintiff's counsel insists on the effect of the alleged discontinuance by the plaintiff of his suit before the justice, that it was not in his power, by any such means as his evidence tended to show, to effectuate a discontinuance that would oust the justice of his authority to pass upon the question of the defendant's right to costs in that case. As bearing upon that question, the subject of the tender, and how it was accepted, whether in full satisfaction and settlement, or only as a technical tender, and of the notice of discontinuance, and of the rights and duties of the defendant, in view of that tender, in respect to preparing for a trial of the case, were all proper to be brought before the justice on that occasion. The plaintiff having had full opportunity for " his day in court" on all these things, cannot now be heard as to the grief to which his own misjudging waywardness has brought him.

The judgment of the county court is affirmed.